IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SendSig, LLC, | |
| Plaintiff, | The Honorable J. P. Boulee |
| - vs. - | No. 1:19-cv-03733-JPB |
| Square, Inc., | |
| Defendant. | |

**JOINT MOTION TO STAY PENDING
RESOLUTION OF DISPOSITIVE MOTION**

Plaintiff SendSig, LLC ("SendSig") and Defendant Square, Inc. ("Square") respectfully move to stay this case until the Court resolves the issues raised in Square's pending motion to dismiss. The requested stay will conserve the Court's and the parties' resources. Until the issues raised in Square's motion are resolved, it would be difficult and inefficient for the parties: (1) to engage meaningfully in the discussions that the Local Rules require, including the Rule 26(f) Early Planning Conference; (2) to prepare and file the documents required by the Local Rules, including the Joint Preliminary Report and Discovery Plan; (3) to exchange the detailed disclosures that the Local Patent Rules require; and (4) to attempt to agree on

01607762-1   1

a case schedule.  In light of such difficulties, this Court regularly stays patent litigation cases when there is a pending motion to dismiss.  The parties respectfully request that the Court likewise do so here.

## I.     Procedural History and Relief Requested

Plaintiff SendSig filed this action on August 19, 2019, accusing Square of infringing U.S. Patent No. 6,564,249. (D.I. 1.)  On October 15, 2019, Square moved to dismiss the case for failure to state a claim. (D.I. 11.)  Square's motion argues: (1) SendSig's patent is not eligible for protection under 35 U.S.C. § 101 and therefore is invalid; and (2) SendSig's complaint does not, and cannot, state a claim for infringement. (*Id.*)

The parties subsequently met and conferred to address the most efficient way to resolve the issues that Square's motion raises.  Plaintiff SendSig explained that it intends to amend its complaint, on October 29, 2019, pursuant to Federal Rule of Civil Procedure 15(a)(1).  Both parties recognized, however, that the underlying issues raised in Square's motion may not be resolved by the planned amendment.  Accordingly, the parties agreed as follows:

1. The parties request a stay of all deadlines imposed by the Court's Local Civil Rules, Local Patent Rules, and the Court's Standing Order until the Court resolves the issues raised in Square's pending motion to dismiss.

2. On October 29, 2019, SendSig will file a brief response to Square's pending motion to dismiss stating its view that the motion is now moot.  Square

will evaluate the amended complaint and will submit a reply, within 14 days, indicating whether it agrees or disagrees that the original motion is not moot. If Square's reply argues that the original motion (D.I. 11) is not moot, SendSig may file a sur-reply responding to Square's position.

3. If, after considering the parties' positions, the Court denies or dismisses Square's pending motion (D.I. 11) as moot, or otherwise requires a supplemental or renewed motion in light of SendSig's amendment, the deadlines would be adjusted as follows:

   a. If Square does not move to dismiss SendSig's amended complaint within 21 days after the Court's order, then the stay will be lifted upon expiration of the 21 days, and Square will have an additional 14 days to respond to the amended complaint.

   b. If Square moves to dismiss SendSig's amended complaint within 21 days after the Court's order, then the stay will be lifted if, and when, the Court denies Square's renewed motion. Square's responsive pleading would be due 14 days after the Court's order denying Square's renewed motion.

4. From the time of either (1) the filing of Square's supplemental or renewed motion to dismiss or (2) the Court's determination that a supplemental or renewed motion is not needed, SendSig shall have 14 days to respond in

opposition to Square's operative motion. Square shall have 14 days to submit a reply brief.

5. If the Court decides Square's pending motion (D.I. 11) on the merits, the stay will be lifted if the Court denies the motion. Square's responsive pleading would be due 14 days after a denial of Square's motion.

## II. Basis for the Parties' Request

The parties believe that the requested stay will best conserve the Court's and the parties' resources. Because Square has not yet answered SendSig's complaint, the pleadings do not yet frame the legal and factual disputes in this matter. It would therefore be inefficient, and difficult, for the parties to prepare the detailed disclosures that the Local Civil Rules and Local Patent Rules require. In addition, the discussions required by the Local Civil Rules and the Court's Standing Order will be premature or, at a minimum, less productive. Further, the parties will likely have difficulty agreeing on a proposed case schedule until the issues raised have been resolved.

A stay will allow the issues to be framed and potentially narrowed before the parties must invest the resources necessary to focus the case, set a schedule, and position the case for resolution. Recognizing these efficiencies, this Court has granted stays in analogous patent litigation matters. For example, in *Accelerated Memory Tech, LLC v. Barracuda networks, Inc.*, No. 2:18-cv-0175-RWS, the Court granted a stay pending resolution of the defendant's motion to dismiss. The same

was true in *Nissei ASB Co. v. R&D Tool & Engineering Co.*, No. 1:18-cv-00553-TCB, and *Pollard Banknote Ltd. P'ship v. Sci. Games Int'l Inc.*, No. 1:10-cv-0621-WSD, where the Court again granted stays pending resolution of motions to dismiss. Here, too, the parties respectfully believe that a stay pending resolution of the issues raised in Square's motion to dismiss will conserve resources and promote efficiency.

### III. Conclusion

The parties respectfully ask the Court to grant their joint motion to stay and enter their proposed order.

| | |
|---|---|
| October 29, 2019 | Respectfully submitted, |

*s/ Daniel A. Kent*  
  Daniel A. Kent  
  Georgia Bar No. 415110  
  *dankent@kentrisley.com*  
  KENT & RISLEY LLC  
  5755 N. Point Pkwy, Suite 57  
  Alpharetta, GA 30022  
  (404) 585-4214  
  (404) 829-2412 (fax)

  Cabrach J. Connor, *pro hac vice*  
  *cab@connorkudlaclee.com*  
  Jennifer Tatum Lee, *pro hac vice*  
  *jennifer@connorkudlaclee.com*  
  Kevin Sean Kudlac  
  *kevin@connorkudlaclee.com*  
  CONNOR KUDLAC LEE, PLLC  
  Suite 450  
  609 Castle Ridge Road  
  Austin, TX 78746  
  (512) 777-1254  
  (888) 387-1134 (fax)

  Counsel for Plaintiff  
  SENDSIG, LLC

*s/ Todd E. Jones*  
  Todd E. Jones  
  Georgia Bar No. 403925  
  *tjones@taylorenglish.com*  
  TAYLOR ENGLISH DUMA LLP  
  1600 Parkwood Circle Suite 200  
  Atlanta, GA 30339  
  (770) 434-6868  
  (770) 434-7376 (fax)

Theodore J. Angelis, *pro hac vice*  
*theo.angelis@klgates.com*  
Elizabeth J. Weiskopf, *pro hac vice*  
*elizabeth.weiskopf@klgates.com*  
Nicholas F. Lenning, *pro hac vice*  
*nicholas.lenning@klgates.com*  
K&L GATES LLP  
925 Fourth Avenue, Suite 2900  
Seattle, WA 98104  
(206) 623-7580  
(206) 370-6006 (fax)

Counsel for Defendant  
SQUARE, INC.

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

*/s/ Todd E. Jones*
Todd. E. Jones
Georgia Bar No. 403925

502578258 v1