IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SENDSIG, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>SQUARE, INC.,<br><br>          Defendant. | CIVIL ACTION NO. 1:19-cv-03733-JPB<br><br><br>**JURY TRIAL REQUESTED** |

**SENDSIG, LLC'S RESPONSE IN OPPOSITION TO SQUARE, INC'S
MOTION TO DISMISS AMENDED COMPLAINT UNDER RULE 12(B)(6)**

Kevin S. Kudlac (GA Bar No. 429946)
kevin@connorkudlaclee.com
Cabrach J. Connor  (*pro hac vice*)
cab@connorkudlaclee.com
Jennifer Tatum Lee (*pro hac vice*)
jennifer@connorkudlaclee.com

**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
Tel: (512) 777-1254
Fax: (888) 387-1134

Daniel A. Kent (GA Bar No. 415110)
dankent@kentrisley.com

**KENT & RISLEY LLC**
5755 N. Point Pkwy Ste 57
Alpharetta, GA 30022
Tel: (404) 585-4214
Fax: (404) 829-2412


**ATTORNEYS FOR PLAINTIFF
SENDSIG, LLC**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................1

LEGAL STANDARDS .........................................................................4

A.   DEFENDANT HAS A HIGH BURDEN AT THE PLEADING STAGE. .......................4

B.   DEFENDANT MUST PROVE THAT PLAINTIFF'S PATENT FALLS INTO AN EXCEPTION TO PATENT ELIGIBILITY. .......................................................5

C.   RECENT RULE 12 JURISPRUDENCE PRECLUDES DISMISSAL. ...........................7

D.   THE ASSERTED CLAIMS OF THE '249 PATENT ARE PATENT-ELIGIBLE UNDER *ALICE* AND 35 U.S.C. § 101 ..............................................................12

   1.   *Defendant Fails to Carry its Heavy Burden Under Step One of Alice* ....12

   2.   *Defendant Fails to Carry Its Heavy Burden Under Alice Step Two By Failing to Address the Ordered Combinations in the Asserted Patent* ..........18

E.   THE AMENDED COMPLAINT PROPERLY STATES A CLAIM FOR PATENT INFRINGEMENT .................................................................................21

CONCLUSION ...................................................................................23

# TABLE OF AUTHORITIES

## Cases

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
882 F.3d 1121 (Fed. Cir. Feb. 14, 2018) ..................................................... 8, 10, 20

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.*,
728 F.3d 1336, 1340-41 (Fed. Cir. 2013) ...................................................5

*Affinity Labs of Tex., LLC v. DirecTV, LLC*, No. 6:15-CV-0030-WSS-JCM, 2015
U.S. Dist. LEXIS 77416, at *12-14 (W.D. Tex. June 2, 2015) ...............................5

*Alice Corp. Pty.v. CLS Bank Int'l*,
134 S. Ct. 2347, 2355 (2014)........................................................... passim

*Amdocs (Israel) Limited v. Openet Telecom, Inc. et al.*,
841 F. 3d 1288, 1294 (Fed. Cir. 2016) ......................................... 7, 13, 15

*Bascom Res., LLC v. LinkedIn, Inc.*,
77 F.Supp.3d 940, 945 (N.D. Cal. 2015) ...........................................5, 18

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007)...............................................................5

*Berkheimer v. HP Inc.*,
881 F.3d 1360 (Fed. Cir. 2018)..................................................... passim

*Bilski v. Kappos*,
130 S. Ct. 3218, 3225 (2010) ...........................................................6

*Blackberry Ltd. v. Facebook, Inc.*, No. CV 18-1844 GW(KSx), 2018 U.S. Dist.
LEXIS 221056, at *5 (C.D. Cal. Aug. 21, 2018)........................................... 16, 17

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
927 F.3d 1306 (Fed. Cir. 2019)...........................................................10

*Classen Immunotherapies, Inc. v. Biogen Idec*,
659 F.3d 1057, 1064 (Fed. Cir. 2011) ....................................................6

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
880 F.3d 1356 (Fed. Cir. 2018) .......................................................................... 13, 15

*DDR Holdings, LLC v. Hotels.com, LP,*
773 F. 3d 1245, 1257, 1259 (Fed. Cir. 2014) .................................................... 13, 17

*Deston Therapeutics LLC v. Trigen Labs. Inc*.,
723 F. Supp. 2d 665, 670 (D. Del. 2010) ................................................................23

*Diamond v. Diehr*,
450 U.S. 175, 188 (1981) .........................................................................................6

*Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, 2018 U.S. Dist. LEXIS
160061, at *13-14 (E.D. Tex. Aug. 29, 2018) .......................................................16

*Ecolab Inc. v. Int'l Chem. Corp*., No. 6:10-cv-1208-Orl-22GJK, 2011 U.S. Dist.
LEXIS 157381, at *9 (M.D. Fla. Sep. 27, 2011) ...................................................23

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d at 1327, 1335 (Fed. Cir. 2016) ................................................. 6, 13, 14, 15

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) ........................................................5

*Fed. Circ. Ruling May Mean Higher Bar for Alice Motions*, Law360 (June 28,
2019) ........................................................................................................................9

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
782 F. Supp. 2d 868, 890 (N.D. Cal. 2011) ...........................................................23

*Mayo Collaborative Servs. v. Prometheus Labs., Inc*,
132 S. Ct. 1289, 1303 (2012) ................................................................... 2, 4, 7, 19

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
837 F.3d 1299 (Fed. Cir. 2016) .............................................................................15

*Personalized Media Commc'ns, LLC v. Samsung Elecs. Am., Inc.,*
No. 2:15-cv-1754-JRG-RSP, 2016 U.S. Dist. LEXIS 135669, at *11 (E.D. Tex.
Sep. 21, 2016) .....................................................................................................5, 18

*Pure Data Sys., LLC v. Elec. Arts*, No. LA CV18-01097 JAK (KSx), 2018 U.S. Dist. LEXIS 118349, at *9-*10 (C.D. Cal. July 3, 2018).........................................21

*Research Corp. Techs., Inc. v. Microsoft Corp.*,
627 F.3d 859, 868 (Fed. Cir. 2010)..............................................................6

*Rocky Mountain Helium, LLC v. United States*,
841 F.3d 1320, 1325 (Fed. Cir. 2016) ........................................................11

*Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2018 U.S. Dist. LEXIS 25606, at *82 (E.D. Tex. Feb. 16, 2018) ..............................9

*Trading Techs. Int'l, Inc. v. CQG, Inc.*,
675 F. App'x 1001, 1004-05 (Fed. Cir. 2017).........................................15

*Ultramercial, Inc. v. Hulu, LLC*,
722 F.3d 1335, 1339 (Fed. Cir. 2013) ........................................................5

*Visual Memory LLC v. NVIDIA Corp.*,
867 F.3d 1253 (Fed. Cir. 2017)..................................................................15

**Statutes**

35 U.S.C. § 101 .............................................................................................1
35 U.S.C. § 282 .............................................................................................5

**Treatises**

S. Graham, *No Need to Debate It—Alice Losing Clout in Patent Cases*, The Recorder (July 11, 2019) ..........................................................................9

## INTRODUCTION

Plaintiff SendSig, LLC ("SendSig" or "Plaintiff") filed this action against Defendant, Square, Inc. ("Defendant" or "Square"), on August, 19 2019 (Complaint, ECF 1) and included the asserted patent, U.S. Patent No. 6,564,249 B2 titled "Method and System for Creating and Sending Handwritten or Handdrawn Messages" (ECF 1-1, Exhibit A, "the '249 Patent" or "Asserted Patent").   On October 15, 2019, Defendant filed its Motion to Dismiss Under Rule 12(b)(6) (ECF 11) asserting that the '249 Patent does not claim patent-eligible subject matter under 35 U.S.C. § 101 and that the Complaint fails to state a claim upon which relief can be granted on the theory that SendSig has "pleaded itself out of court."  On October 29, 2019, SendSig filed its First Amended Complaint (Amended Complaint, ECF 17) adding additional specific facts alleging that the elements, and combination of elements, claimed in the '249 Patent were not well-understood, routine, or conventional to a skilled artisan in the relevant field at the time of the invention. SendSig also added specific allegations that the '249 Patent claims email servers as part of the "real-time electronic messaging system" to rebut Square's unsupported claim that the '249 Patent is limited to only instant messaging services such as AOL or Yahoo instant messenger services.   Nevertheless, on December 11, 2019, Defendant renewed its Motion to Dismiss (ECF 23, "Motion") on identical grounds.

- 1 -

Defendant fails to carry its heavy burden of proving by clear and convincing evidence that the '249 Patent fails *Alice* step one – that is, Square fails to prove by clear and convincing evidence that the claims of the '249 Patent are directed to an abstract concept. *See Alice Corp. Pty.v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). The '249 Patent defies abstraction under *Alice* step one because it addresses a problem that arose in the art and solves it with improvements that enabled use of conventional equipment in unconventional ways to enable people to communicate with handwritten messages and drawings in an electronic messaging system.

Next, the asserted claims do not preempt all solutions. In assessing patent eligibility, "the underlying functional concern . . . is a relative one: how much future innovation is foreclosed relative to the contribution of the inventor." *Mayo Collaborative Servs. v. Prometheus Labs., Inc*, 132 S. Ct. 1289, 1303 (2012). Because the asserted claims are drawn to specific methods and systems, rather than generic or abstract solutions, they do not improperly foreclose future innovation.

Finally, Defendant fails to carry its heavy burden of proving by clear and convincing evidence that the Patent, to the extent it is found to be directed to an abstract concept (which it is not), fails *Alice* step two – that is, Defendant fails to prove by clear and convincing evidence that when considering the elements of each claim of the Patent individually and as an ordered combination, such elements and

ordered combination, fail to "transform the nature of the claim into a patent-eligible application." *Alice Corp. Pty.v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). In addition, Square's Motion and this Opposition make clear that there is a concrete factual dispute as to whether the inventions were well-understood, routine, or conventional. Under *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) such a factual dispute precludes dismissal at this stage of the litigation.

Defendant's *Alice* argument is premised on a mischaracterization of the technology. The Patent does not cover simply "sending and receiving information over a network." Dkt. 23-1 at 15. As Defendant's own Motion makes clear, there are five distinct versions of the claimed invention in the Patent. *Id*. at 5. The '249 Patent clearly addresses shortcomings in the field that were appreciated by those of skill in the art, namely, that then-current PDAs and similar internet connected devices did not permit the transmission of handwritten messages. ('249 at 2:12-18).

Defendant grossly oversimplifies the patent claims, ignoring their technological context and the stated improvements to prior art messaging systems. Defendant ignores concrete limitations and strips the claims to nothingness, undertaking a distillation process the Supreme Court cautioned may "swallow all of patent law" because "[a]t some level, all inventions embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Alice Corp. Pty. V.*

*CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc*., 132 S. Ct. 1289, 1293 (2012).

Defendant's argument that the complaint fails to allege infringement as a matter of law should, likewise, be rejected. Defendant inexplicably argues that its POS system does not infringe as a matter of law because it employs an email system while simultaneously asserting that the '249 Patent is directed solely to real-time messaging systems which, Defendant argues, are limited only to instant messaging such as AOL Messenger and similar services. Dkt. 23-1 at 2, 24. Defendant makes this argument despite the Field of the Invention stating, "This invention relates generally to the processing of handwritten content as digital data in electronic messaging, **and specifically to an electronic messaging system for graphical (handwritten or handrawn) email**." ('249 at 1:15-18) (emphasis added). Additionally, Defendant clearly is making a claim construction argument that should not be decided on a motion to dismiss prior to any *Markman* claim construction procedure or hearing.

## LEGAL STANDARDS

### A.    Defendant Has a High Burden at the Pleading Stage.

To prevail on its motion, Defendant must prove that Plaintiff's Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

- 4 -

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, in deciding whether Defendant has carried this burden, the Court accepts the allegations in the Complaint as true, views them in a light most favorable to Plaintiff, and draws all reasonable inferences in Plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

The issue of patent eligibility under § 101 presents a question of law that "may contain underlying factual issues." *See Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340-41 (Fed. Cir. 2013); *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1339 (Fed. Cir. 2013).

To the extent questions of fact exist, the Court should apply the clear and convincing evidence standard in light of the presumption of validity under 35 U.S.C. § 282. *Personalized Media Commc'ns, LLC v. Samsung Elecs. Am., Inc.,* No. 2:15-cv-1754-JRG-RSP, 2016 U.S. Dist. LEXIS 135669, at *11 (E.D. Tex. Sep. 21, 2016); *Affinity Labs of Tex., LLC v. DirecTV, LLC*, No. 6:15-CV-0030-WSS-JCM, 2015 U.S. Dist. LEXIS 77416, at *12-14 (W.D. Tex. June 2, 2015); *Bascom Res., LLC v. LinkedIn, Inc.*, 77 F.Supp.3d 940, 945 (N.D. Cal. 2015) ("[A]n alleged infringer asserting an invalidity defense pursuant to §101 bears the burden of proving invalidity by clear and convincing evidence").

**B.   Defendant Must Prove that Plaintiff's Patent Falls into an Exception to Patent Eligibility.**

Resolving the patent-eligibility issue requires examination of the asserted

claims to determine, as "only a threshold test," if the claimed inventions are "the kind of discovery" that patent laws were intended to protect. *Classen Immunotherapies, Inc. v. Biogen Idec*, 659 F.3d 1057, 1064 (Fed. Cir. 2011) (quoting *Bilski v. Kappos*, 130 S. Ct. 3218, 3225 (2010). Put another way, the inquiry is whether the claimed subject matter falls within one of only three narrow exceptions to the broad patent-eligibility principles of § 101: "laws of nature, physical phenomena, and abstract ideas." *Bilski*, 561 U.S. at 601-02. Defendant argues only the last exception—abstractness.

On abstractness, the Federal Circuit has said, "this disqualifying characteristic should exhibit itself so manifestly as to override the broad statutory categories of eligible subject matter." *Research Corp. Techs., Inc. v. Microsoft Corp.*, 627 F.3d 859, 868 (Fed. Cir. 2010). The threshold for patent eligibility is not high, but the Defendant's burden is. Each asserted claim "must be considered as a whole," *Diamond v. Diehr*, 450 U.S. 175, 188 (1981), in light of the specification and the context of the relevant art and technologies. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d at 1327, 1335 (Fed. Cir. 2016). "It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis." *Diamond*, 450 U.S. at 188. "A new combination of steps may be patentable even though all the constituents of the combination were well known and

in common use before the combination was made." *Id*.

The Supreme Court's two-step process is now a familiar one in patent cases: (i) determine whether the claims are directed to an abstract concept; and then, if they are, (ii) consider the elements of each claim individually and as an ordered combination to determine whether they "transform the nature of the claim into a patent-eligible application." *Alice*, 134 S. Ct. at 2355 (2014) (quoting *Mayo*, 132 S. Ct. at 1297-98. Since *Alice*, the Federal Circuit has observed that "the decisional mechanism courts now apply is to examine earlier cases in which a similar or parallel descriptive nature can be seen—what prior cases were about, and which way they were decided." *Amdocs (Israel) Limited v. Openet Telecom, Inc. et al.*, 841 F. 3d 1288, 1294 (Fed. Cir. 2016).

**C.   Recent Rule 12 Jurisprudence Precludes Dismissal.**

In early 2018, the Federal Circuit issued two opinions that have shaped the § 101 landscape. First, on February 8, 2018, *Berkheimer v. HP Inc*., 881 F.3d 1360 (Fed. Cir. 2018) reaffirmed the Defendant's clear-and-convincing burden on underlying factual issues in the § 101 analysis. When such issues exist, summary determination is inappropriate. *Id*. at 1367-68. The same factual issues warranting reversal in *Berkheimer* are found here: "whether the claim element or claimed

combination is well-understood, routine, conventional to a skilled artisan in the relevant field." *Id*. at 1368.

About a week after the *Berkheimer* decision, the Federal Circuit issued *Aatrix Software, Inc. v. Green Shades Software, Inc*., 882 F.3d 1121 (Fed. Cir. Feb. 14, 2018). There, the Federal Circuit provided an important reminder that all well-pleaded allegations by the Plaintiff, including allegations bearing on patent-eligibility, must be taken as true. *Id.* at 1126-28  (recognizing factual allegations that "suggest that the claimed invention is directed to an improvement in the computer technology itself and not generic components performing conventional activities").

Together, *Berkheimer* and *Aatrix* highlight a primary reason the Defendant's Motion should be denied:  important and genuine factual disputes exist. *Berkheimer*, 881 F.3d at 1369  ("Whether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination."); *Aatrix Software, Inc.,* 882 F.3d at 1128  (Rule 12 dismissal reversed in light of Plaintiff's "concrete allegations . . . that individual elements and the claimed combination are not well-understood, routine, or conventional activity" and the "claimed combination's improvement to the functioning of the computer"); *accord*

*Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2018 U.S. Dist. LEXIS 25606, at *82 (E.D. Tex. Feb. 16, 2018).

"Whether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art." *Berkheimer*, 881 F.3d at 1369 ("The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional."). Defendant fails to meet its burden to show by clear-and-convincing evidence the claimed subject matter is patent-ineligible, thus failing to overcome Plaintiff's well-pleaded allegations that must be taken, along with all reasonable inferences, as true.

These cases mark a continuing trend that has made "Alice challenges more difficult for accused infringers to win early in a case." *Fed. Circ. Ruling May Mean Higher Bar for Alice Motions*, Law360 (June 28, 2019).  Statistics (for what they are worth, see below) back this up.  *See* S. Graham, *No Need to Debate It—Alice Losing Clout in Patent Cases*, The Recorder (July 11, 2019).



In *Cellspin Soft, Inc. v. Fitbit, Inc.,* 927 F.3d 1306 (Fed. Cir. 2019), the court faulted the district court for requiring the patent owner to "cite instances" where the patents treat specific elements of the claims as inventive or beneficial in the art. *Id.* at 1317-18. "[T]he specification need not expressly list all the reasons why this claimed structure is unconventional," and specific, plausible factual allegations in the complaint suffice to defeat a motion to dismiss, the court reasoned. *Id.* (discounting or ignoring such allegations is error). Citing *Berkheimer* and *Aatrix*, the Federal Circuit noted the significance of underlying factual issues. *Id*. at 1318 ("The district court thus further erred by ignoring the principle, implicit in *Berkheimer* and explicit in *Aatrix*, that factual disputes about whether an aspect of the claims is inventive may preclude dismissal at the pleadings stage under § 101.").

Plaintiff has provided concrete, non-conclusory, factual allegations in its

Complaint, and made more clear in its Amended Complaint, that the patent is not directed to a mere abstract idea and includes advances over the prior art, and, therefore, meets the requirements of § 101. As further elaborated below, these concrete allegations are tied to specific inventive concepts embedded in the claim elements thus demonstrating that at least those claim elements were neither well-understood, routine, nor conventional.  In any event, the Defendant failed to overcome the presumption of validity of the Asserted Patent.  As such, the Court should deny Defendant's Motion.

Just as in *Berkheimer,* Plaintiff's Amended Complaint includes factual allegations that a person of ordinary skill in the art at the time of the invention would recognize the steps and methods claimed in the patents were not well-understood, routine, and conventional.  *See* ECF. 17 at ¶¶76-79.  These factual allegations ***are tied to claim elements***.  Even if the allegations <u>in the Amended Complaint</u> are not tied *in haec verba* to particular claim elements, the '249 Patent itself, which is of record by being attached to Plaintiff's complaint (*see* ECF 17-1 ('249 Patent attached to Amended Complaint), includes sufficient factual allegations that must be taken as true at this stage of the proceeding. *See Rocky Mountain Helium, LLC v. United States,* 841 F.3d 1320, 1325 (Fed. Cir. 2016) (emphasizing that "a court 'must consider the complaint in its entirety,… in particular, documents incorporated into

the complaint by reference, and matters of which a court may take judicial notice.").

For example, the specification describes the inventions in the context of the prior art

explaining the advancements with specificity:

- "While there are other types of input devices that enable handwritten or handdrawn input, such as touch sensitive screens, stylus pads, optical pens, etc., they have not been enabled for electronic messaging and other communication functions." '249 at 1:52-56.

- "Handwritten or handdrawn input can be more convenient to use than a keyboard an, in many situations, would be uniquely necessary for certain types of communication. Many written language systems such as Japanese, Korean, Chinese, Arabic, Thai, Sanskrit, etc., use cursive or ideographic characters that are very difficult to input by an equivalent method via keyboard." '249 at 1:57-63.

- "Many mobile devices such as PDAs do not have keyboards due to their limited size and form, or would become cumbersome to use if a keyboard must be attached or if text must be entered by cursoring through displays of softkeys." '249 at 1:67-2:4.

- "There is thus a clear need for an electronic messaging system that allows people to communicate with their own handwriting or drawing, as contrasted with typed text…[n]one of the current electronic messaging methods allow a user to compose, manipulate, store, send, receive, and view a handwritten or handdrawn email message." '249 at 2:12-18.

**D.** **The Asserted Claims of the '249 Patent Are Patent-Eligible Under *Alice* and 35 U.S.C. § 101**

**1.** **Defendant Fails to Carry its Heavy Burden Under Step One of *Alice***

Although "there is no such single, succinct, usable definition or test" for "what

an 'abstract idea' encompasses," *Amdocs*, 841 F.3d at 1294, claims like those asserted by Plaintiff in this case that focus on an improvement to computer network technology have repeatedly been found patent eligible. *Enfish*, 822 F. 3d at 1336; *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1362-63 (Fed. Cir. 2018. For example, "claims directed to a particular manner of summarizing and presenting information in electronic devices" and that "disclose an improved user interface for electronic devices, particularly those with small screens" have been found patent eligible. *Id*. The asserted claims are directed to solving problems particular to email messaging and do not preempt all applications of the idea behind the solution to that problem. *DDR Holdings, LLC v. Hotels.com, LP,* 773 F. 3d 1245, 1257, 1259 (Fed. Cir. 2014) (distinguishing a "challenge particular to the Internet" from a "fundamental economic or longstanding commercial practice"). Claims like these are patent eligible.

### a.    *The Asserted Claims are Directed to Patent Eligible Subject Matter, Not to Abstract Ideas.*

The asserted claims of the Patent are directed to solutions that are necessarily rooted in email messaging systems to overcome a problem arising in that field. *DDR Holdings*, 773 F.3d at 1257-59 (distinguishing between patent-eligible solution that is "not merely the routine or conventional use of the Internet" from a patent-ineligible abstract business process).

The Patent recites specific improvements to the existing functionality of email messaging systems.  Defendant seeks to boil the Patent down to merely "sending and receiving information over a network."  Dkt. 23-1 at p. 9.  Even a cursory inspection of the complex and detailed claims of the asserted claims reveals that the Asserted Patent is directed to precise methods and systems.  Indeed, Defendant acknowledges no less than five specific implementations of the claimed invention. *Id*. at 22.

The Patent cannot be distilled (as Defendant argues) into merely sending and receiving information over a network.  The subject matter of the Patent is focused on "an improvement in computer capabilities . . . [and not] on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool."  *Enfish, LLC*, 822 F.3d at 1335-36.  The Patent explains in the specification that the invention in particular relates to addressing problems unique to internet-based messaging systems, specifically, communicating online when use of a keyboard may be cumbersome or impracticable.  For example, the Patent identifies several languages such as Japanese, Chinese, or Arabic that use ideographic characters that can require selecting among thousands of characters.  249 at 1:60-66.  Such communications are made much more efficient through use of handwriting as opposed to a keyboard.  In addition, the Patent contemplated that certain mobile devices that are now

ubiquitous, but which were only in their infancy in 2003, and don't use a keyboard at all, could communicate through email much more efficiently through use of handwriting.   *Id*. at 1:67-2:4.   These inventions reflect improved computer networking capabilities rather than merely invoking a computer as a tool.

### b.   *Similar Claims to the Asserted Claims Have Been Found Patent Eligible—the* Amdocs *"Decisional Mechanism"*

Recognizing the difficulty in formulating a concrete test for determining if something is an abstract idea, in *Amdocs* the Federal Circuit endorsed a "decisional mechanism" where courts hew closely to prior patent-eligibility decisions in cases analyzing similar claims.   *Amdocs*, 841 F.3d at 1294.   The more similar the claims, the more likely the same result should obtain.   *Id*.   The Federal Circuit has held that "specific technologic modifications to solve a problem or improve the functioning of a known system generally produce patent-eligible subject matter."   *Trading Techs. Int'l, Inc. v. CQG, Inc.*, 675 F. App'x 1001, 1004-05 (Fed. Cir. 2017).   The Eastern District of Texas has succinctly summarized recent Federal Circuit Section 101 holdings such as *Enfish*, *Visual Memory*, *Core Wireless*, and *McRO*[1] by finding

---

[1] *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016); *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253 (Fed. Cir. 2017); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016).

"[t]he common thread in all of the cases is that the asserted patents recited improvements to existing functionality." *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, 2018 U.S. Dist. LEXIS 160061, at *13-14 (E.D. Tex. Aug. 29, 2018).

Applying the *Amdocs* decisional mechanism here results in a finding of patent eligibility. The asserted claims of the Patent are similar to the '634 Patent claims found patent-eligible in *Blackberry Ltd. v. Facebook, Inc*., No. CV 18-1844 GW(KSx), 2018 U.S. Dist. LEXIS 221056, at *5 (C.D. Cal. Aug. 21, 2018). The '634 Patent in *Blackberry* claimed:

> 1. A method of providing notifications of unread messages on a wireless communication device, comprising:
> displaying at least one icon relating to electronic messaging on a graphical user interface of the wireless communication device;
> receiving a plurality of electronic messages on the wireless communication device, the plurality of electronic messages including messages from a plurality of different messaging correspondents; and
> in response to receiving at least one of the plurality of electronic messages, visually modifying at least one displayed icon relating to electronic messaging to include a numeric character representing a count of the plurality of different messaging correspondents for which one or more of the electronic messages have been received and remain unread.

*Id*. at *10-11.

In *Blackberry*, the defendant sought to invalidate the claims of the asserted patents under *Alice* and argued, similarly to Square in the present case, that the

entirety of the representative claim of the asserted patent amounted to nothing more than "the abstract concept of collecting and displaying information" *Id.* at *12.  Like the '249 Patent, the patent at issue in *Blackberry* was "drawn to a particular technological improvement in mobile devices rather than an abstract idea." *Id*. at *13.  In Blackberry, the improvement was to displaying notifications for new messages.  In the present case, the improvement is to operation of electronic messaging systems, to enable communication through handwritten messages.

The asserted claims are also similar to the claims found patent-eligible in *DDR Holdings*.  The patent in *DDR* provided a method for generating a composite webpage by combining visual elements of a host website with a third-party merchant website while retaining the "look and feel" of the host website.  *Id*. at 1249.  The Federal Circuit rejected the defendant's *Alice* challenge because the plaintiff's asserted patent addressed a "challenge particular to the internet" and further did not "recite a mathematical algorithm" or a "fundamental economic or longstanding commercial practice."  *Id*. at 1257.  The '249 Patent in this case likewise addresses a "challenge particular to the internet," namely, transmitting handwritten messages through email and other online messaging systems. '249 Patent at 2:15-18.   The '249 Patent solves a specific problem, uniquely related to the Internet, and therefore, claims patent-eligible subject matter.

**2.     Defendant Fails to Carry Its Heavy Burden Under *Alice* Step Two By Failing to Address the Ordered Combinations in the Asserted Patent**

Even if the asserted claims are found to be directed to an abstract idea, the Defendant fails to show that these claims, read as a whole, fail to disclose an inventive concept. *Personalized Media*, 2016 U.S. Dist. LEXIS 135669 at *11-12. Defendant premises its step two argument on the fact that the '249 Patent involves conventional components. A fundamental problem with Defendant's argument is its piecemeal approach of isolating claim terms and steps and arguing that each is generic without considering the claims as a whole. *BASCOM Global Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349-1350 (Fed. Cir. 2016) (finding an inventive concept in the non-conventional and non-generic arrangement of known, conventional pieces). Defendant engages in the precise practice rejected by the *BASCOM* panel: reviewing select limitations in isolation to determine whether each is individually innovative and concluding that it is not. *Id.* at 1346, 1352. The asserted claims of the Asserted Patent are directed to a specific solution to improve a problem in the field and the claims involve an unconventional technological solution. Defendant utterly fails to address the impact of the ordered combinations recited in the asserted claims under *Alice* step two. Rather, Defendant distills *Alice* Step Two to a self-fulfilling prophecy that "the '249 patent is directed to sending a

particular type of information using a known technology – instant messaging-implemented using conventional components in their conventional order." (ECF 23-1, p. 19.)  That, however, is not the *Alice* step two analysis.  To carry its burden, Defendant is required to have shown under *Alice* step two – "consider the elements of each claim individually and as an **ordered combination** to determine whether they 'transform the nature of the claim into a patent-eligible application[ ]'" *Alice*, 134 S. Ct. at 2355 (2014) (quoting *Mayo*, 132 S. Ct. at 1297-98) – that the asserted claims do not pass muster.  Defendant never attempted to do so.  This failure is fatal to Defendant's Motion, which must, accordingly, be denied.

In addition, Defendant does not properly address Plaintiff's allegations that (1) "[u]sing a server with remote client devices to transmit handwritten content as digital data," (2) "[h]aving a remote client device… connectable to a server…that could receive an electronic message and view handwritten content digitally," and (3) "[c]onverting digitally displayed handwritten content to a graphical data attachment to an email" were not well-understood, routine, or conventional.  (ECF 17, ¶¶ 77-79.)   Defendant argues that using a server and remote client for communication, real-time messaging, and graphical input devices were well-understood, routine, and conventional.  (ECF 23-1, p. 14-15.)  But those arguments by Square fail to address the specific, claim-element-related allegations made by

Plaintiff.  Indeed, Defendant's genericized analysis falls apart on examination as it makes no argument that the application of these components to the composition, manipulation, storing, sending, receiving, and viewing of handwritten email messages through these components was well-understood, routine, and conventional to a person of skill in the art.  Plaintiff's Amended Complaint clearly made these allegations and, as taught by *Berkheimer* and *Aatrix*, these allegations must be credited at this stage.  In *Berkheimer* the Federal Circuit found that summary judgment granted on Section 101 grounds was improper even where the claims were found to be abstract and reiterated that "[t]he question of whether a claim element or combination of elements is well-understood, routine and conventional is a question of fact.  Any fact, such as this one, that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence."  *Berkheimer*, 881 F.3d at 1368.  Furthermore, in the context of Rule 12(b)(6), the Federal Circuit built upon the *Berkheimer* reasoning and found that, given that the question of whether a claim element or claim combination are well-understood, routine, or conventional is a question of fact, "that question cannot be answered adversely to the patentee based on the sources properly considered on a motion to dismiss, such as the complaint, the patent, and materials subject to judicial notice."  *Aatrix*, 882 F. 3d at 1128.  Other courts have recognized that "*Aatrix* determined that a complaint that properly alleges

that individual elements of a claim are not well-understood, routine, or conventional, may be sufficient to state a claim notwithstanding an invalidity challenge under Section 101." *Pure Data Sys., LLC v. Elec. Arts*, No. LA CV18-01097 JAK (KSx), 2018 U.S. Dist. LEXIS 118349, at *9-*10 (C.D. Cal. July 3, 2018).

*Berkheimer* and *Aatrix* teach that these well-pleaded allegations are questions of fact which, like any other question of fact on a motion to dismiss under Rule 12(b)(6) must be taken as true unless Defendant can show otherwise in the complaint, patent, or materials subject to judicial notice, by clear and convincing evidence.  Defendant's Motion fails in this regard.  Therefore, it should be denied.

## E.    The Amended Complaint Properly States a Claim for Patent Infringement

Defendant's second basis for dismissal is that the '249 Patent's "real-time electronic messaging system," as a matter of law, cannot include email systems such as those operated by Square.  Defendant's argument should be rejected for two reasons.  First, Defendant's interpretation of the Patent would run contrary to the specification, embodiments, and the claims themselves which are replete with references to email messaging systems.  Second, Defendant's argument for a particular construction of "real-time electronic messaging system" should be resolved during *Markman* proceedings and not on a motion to dismiss.

Even a cursory review of the '249 Patent reveals that the claimed "real-time electronic messaging system" included email.  The provisional patent application for the '249 Patent was entitled "Graphical Email Drawing and File Attachment System." '249 at 1:7-8.  The Field of the Invention states that "This invention relates generally to the processing of handwritten content as digital data in electronic messaging, **and specifically to an electronic messaging system for graphical (handwritten or handdrawn email.**" *Id*. at 1:15-18 (emphasis added).  The Patent goes on to describe that "[n]one of the current electronic messaging methods allow a user to compose, manipulate, store, send, receive, and view a handwritten or handdrawn email message." *Id*. at 2:15-18).  The Summary of the Invention goes on to describe the invention in context with email messages and servers. *See id*. at 20-35.  The Description of the Invention describes FIG 1A and "the general system architecture of the graphical email system." *Id*. at 3:40-42.  The invention is described also as a "graphical email system." *Id*. at 4:33-34.  Even the claims themselves make clear that email messaging is a "real-time electronic messaging system."  Claim 6 claims "A real-time electronic messaging system according to claim 1, wherein the client component converts the input graphical data to a graphical data attachment to an email." *Id*. at 17:22-24.  Claim 16 is similarly described.  There is simply no support for Defendant's argument that Square's

- 22 -

accused POS system is immune from infringement as a matter of law solely because it is email based.

Even if the above were ignored, Defendant's argument is a premature claim construction argument that is not properly resolved on a motion to dismiss. Square's argument that "real-time electronic messaging" precludes email obviously requires interpretation of the claim language, and the intrinsic and extrinsic record. This is simply premature and improper on a motion to dismiss. *See e.g. Ecolab Inc. v. Int'l Chem. Corp.*, No. 6:10-cv-1208-Orl-22GJK, 2011 U.S. Dist. LEXIS 157381, at *9 (M.D. Fla. Sep. 27, 2011); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 890 (N.D. Cal. 2011) ("Claim construction  and infringement analysis should not be resolved on a motion to dismiss."); *Deston Therapeutics LLC v. Trigen Labs. Inc*., 723 F. Supp. 2d 665, 670 (D. Del. 2010).

## CONCLUSION

The asserted claims satisfy the *Alice* two-step test, and Defendant has not met its clear and convincing standard for invalidation of the '249 Patent. In addition, Defendant has not shown that its email-based POS system is non-infringing as a matter of law. In all respects, Defendant's Motion should be denied.

By: */s/ Kevin S. Kudlac*
Kevin S. Kudlac (GA Bar No. 429946)
kevin@connorkudlaclee.com

**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
Tel: (512) 777-1254
Fax: (888) 387-1134

Kevin S. Kudlac (GA Bar No. 429946)
kevin@connorkudlaclee.com
Cabrach J. Connor  (*pro hac vice*)
cab@connorkudlaclee.com
Jennifer Tatum Lee (*pro hac vice*)
jennifer@connorkudlaclee.com

**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
Tel: (512) 777-1254
Fax: (888) 387-1134

Daniel A. Kent (GA Bar No. 415110)
dankent@kentrisley.com

**KENT & RISLEY LLC**
5755 N. Point Pkwy Ste 57
Alpharetta, GA 30022
Tel: (404) 585-4214
Fax: (404) 829-2412

**ATTORNEYS FOR PLAINTIFF
SENDSIG, LLC**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1B and 7.1D, this certifies that the foregoing brief has been prepared with Times New Roman 14 point font.

This 13th day of January, 2020.

*/s/ Kevin S. Kudlac*
Kevin S. Kudlac